**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MOTOROLA, INC., ET AL. | : | C.A. No. 07-752 (GMS) |
| v. | : | |
| REMBRANDT TECHNOLOGIES, LP | : | |
| REMBRANDT TECHNOLOGIES, LP ET AL. | : | |
| v. | : | |
| MOTOROLA, INC., ET AL. | : | |
| COMCAST CORPORATION, ET AL. | : | |
| v. | : | |
| REMBRANDT TECHNOLOGIES, LP, ET AL. | : | |
| TIME WARNER CABLE, INC., ET AL. | : | |
| v. | : | |
| REMBRANDT TECHNOLOGIES, LP, ET AL. | : | |
| CHARTER COMMUNICATIONS, INC., ET AL. | : | |
| v. | : | |
| REMBRANDT TECHNOLOGIES, LP, ET AL. | : | |

| | |
|---|---|
| COXCOM, INC. | : |
| v. | : |
| REMBRANDT TECHNOLOGIES, LP, ET AL. | : |
| ADELPHIA COMMUNICATIONS CORPORATION, ET AL. | : |
| v. | : |
| REMBRANDT TECHNOLOGIES, LP, ET AL. | : |
| CABLEVISION SYSTEMS CORPORATION, ET AL. | : |
| v. | : |
| REMBRANDT TECHNOLOGIES, LP, ET AL. | : |

**MOTION FOR LEAVE TO INTERVENE BY
SHARP CORPORATION AND SHARP ELECTRONICS CORPORATION**

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, Sharp Corporation and Sharp Electronics Corporation (collectively, "Sharp") hereby seek leave to intervene as third-party plaintiffs. In support of this motion, Sharp states as follows.

On or about February 3, 2006, Rembrandt Technologies, LP ("Rembrandt") sued Sharp for alleged infringement of U.S. Patent No. 5,243,627 (the " '627 patent") in the United States District Court for the Eastern District of Texas, No. 2:06-cv-00047-TJW (the "Rembrandt-Sharp action"). The Rembrandt-Sharp action is presently pending before this Court for consolidated pre-trial proceedings as part of an MDL proceeding, MDL Docket No. 07-md-1848 (GMS) (the "MDL proceeding").

2

On November 21, 2007, plaintiffs filed this declaratory judgment action against Rembrandt. On January 16, 2008, Rembrandt answered the complaint, asserted counterclaims against plaintiffs and impleaded numerous additional parties as third-party defendants, including parties against whom Rembrandt had previously asserted the '627 patent. With exceptions not material to this motion, the third party defendants then brought counterclaims against Rembrandt (as third-party plaintiffs) for, *inter alia*, declaratory rulings that the '627 patent is invalid and that they do not infringe the '627 patent.

As a result, Sharp has an interest in the issues being litigated in this action, and the disposition of this action may, as a practical matter impair or impede Sharp's ability to protect its interest. Further, Sharp's interest cannot be adequately protected by the present parties to this action. Accordingly, Sharp seeks leave to intervene as of right pursuant to Fed. R. Civ. P. 24(a).

Alternatively, Sharp seeks leave to intervene pursuant to Fed. R. Civ. P. 24(b). The claims and defenses in Sharp's dispute with Rembrandt have numerous factual and legal issues in common with issues raised in this action. Further, this action, along with the MDL proceeding, is an efficient vehicle for the resolution of all allegations concerning the '627 patent.

For these reasons, as further set forth in Sharp's accompanying memorandum of law, Sharp respectfully seeks leave to intervene in this action as of right, or alternatively permissively, as a third-party plaintiff in order to maximize judicial economy. Sharp's proposed Third-Party Complaint against Rembrandt is attached.

Dated: March 5, 2008					/s/ Richard K. Herrmann
						Richard K. Herrmann (I.D. #405)
						Mary B. Matterer (I.D. #2696)
						Amy Arnott Quinlan (I.D. #3021)
						MORRIS JAMES LLP
						500 Delaware Avenue, Suite 1500
						Wilmington, DE 19801-1494
						(302) 888-6800
						rherrmann@morrisjames.com

Of Counsel:

Gerald Levy
Richard H. Brown
Jonathan B. Tropp
DAY PITNEY LLP
7 Times Square
New York, NY 10036-7311
(212) 297-5800					Attorneys for SHARP CORPORATION
(212) 916-2940 (FAX)				and SHARP ELECTRONICS CORPORATION

## **RULE 7.1.1 CERTIFICATE**

The undersigned certifies that movant has made reasonable efforts to reach an agreement with Rembrandt's counsel on the matters set forth in this Motion and has been told that Rembrandt does not oppose the Motion.

                                                   */s/ Richard K. Herrmann*
                                                  Richard K. Herrmann (#405)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MOTOROLA, INC., ET AL. | : | C.A. No. 07-752 (GMS) |
| | : | |
| v. | : | |
| | : | |
| REMBRANDT TECHNOLOGIES, LP | : | |
| | : | |
| REMBRANDT TECHNOLOGIES, LP ET AL. | : | |
| | : | |
| v. | : | |
| | : | |
| MOTOROLA, INC., ET AL. | : | |
| | : | |
| COMCAST CORPORATION, ET AL. | : | |
| | : | |
| v. | : | |
| | : | |
| REMBRANDT TECHNOLOGIES, LP, ET AL. | : | |
| | : | |
| TIME WARNER CABLE, INC. , ET AL. | : | |
| | : | |
| v. | : | |
| | : | |
| REMBRANDT TECHNOLOGIES, LP, ET AL. | : | |
| | : | |
| CHARTER COMMUNICATIONS, INC., ET AL. | : | |
| | : | |
| v. | : | |
| | : | |
| REMBRANDT TECHNOLOGIES, LP, ET AL. | : | |

| | |
|---|---|
| COXCOM, INC. | : |
| v. | : |
| REMBRANDT TECHNOLOGIES, LP, ET AL. | : |
| ADELPHIA COMMUNICATIONS CORPORATION, ET AL. | : |
| v. | : |
| REMBRANDT TECHNOLOGIES, LP, ET AL. | : |
| CABLEVISION SYSTEMS CORPORATION, ET AL. | : |
| v. | : |
| REMBRANDT TECHNOLOGIES, LP, ET AL. | : |
| SHARP CORPORATION and SHARP ELECTRONICS CORPORATION | : **JURY TRIAL DEMANDED** |
| v. | : |
| REMBRANDT TECHNOLOGIES, LP | : |

**THIRD PARTY COMPLAINT OF INTERVENORS
SHARP CORPORATION AND SHARP ELECTRONICS CORPORATION**

**Preliminary Statement**

On or about February 3, 2006, Rembrandt commenced a civil action for alleged infringement of U.S. Patent No. 5,243,627 (the " '627 patent") against Sharp Corporation and Sharp Electronics Corporation (collectively, "Sharp") in the United States District Court for the Eastern District of Texas, No. 2:06-cv-00047-TJW (the "Rembrandt-Sharp action"). In other co-

2

pending cases, Rembrandt sued numerous other defendants with respect to the '627 patent and/or up to eight other patents (the "Eight patents"). By Order entered June 18, 2007, the Judicial Panel on Multi-District Litigation consolidated all of those actions, including the Rembrandt-Sharp action, before this Court for pre-trial proceedings, MDL Docket No. 07-md-1848 (GMS) (the "MDL proceeding").

On November 1, 2007, plaintiffs herein brought this action against Rembrandt Technologies, LP, asserting, *inter alia*, the invalidity and non-infringement of the Eight patents. On January 16, 2008, Rembrandt brought its counterclaims against plaintiffs and impleaded as third-party defendants the parties it had previously sued in the co-pending cases on the Eight Patents.

With the exception of two affiliates of third-party defendant CoxCom, Inc. against whom Rembrandt has discontinued its claims in this action, all of the third-party defendants sued by Rembrandt in this action who had previously been sued by Rembrandt for allegedly infringing the '627 patent brought counter-claims against Rembrandt in this action, asserting, *inter alia*, the invalidity and non-infringement of the '627 patent. As a result, this action along with the MDL proceeding, is poised to become the most efficient vehicle for the resolution of all allegations concerning the '627 patent.

Sharp now seeks to intervene in this action as a third-party plaintiff to consolidate all co-pending claims concerning the '627 patent in one court. To that end, by and for its Third-Party Complaint against Rembrandt, Sharp alleges as follows:

### Parties

1. Sharp Corporation is a corporation existing under the laws of Japan, with a principal place of business in Osaka, Japan.

2. Sharp Electronics Corporation is a corporation existing under the laws of New York, with a principal place of business in Mahway, New Jersey. Sharp Electronics Corporation is a wholly-owned subsidiary of Sharp Corporation.

3. On information and belief, Rembrandt Technologies, LP is a limited partnership organized under the laws of the state of New Jersey with a principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, Pennsylvania.

**Jurisdiction and Venue**

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338, as well as 28 U.S.C. §§ 2201-2202, and under 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Rembrandt because it has submitted to the jurisdiction of this Court, regularly conducts business in Delaware, and has other sufficient contacts with Delaware.

6. Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400.

**Facts Common to All Counts**

7. Rembrandt asserts ownership of all right, title and interest in the '627 patent.

8. Rembrandt has sued Sharp for allegedly infringing one or more claims of the '627 patent, which allegations Sharp has denied.

9. An actual case or controversy exists between Rembrandt and Sharp.

**First Count**
**(Declaratory Judgment of Non-Infringement)**

10. Sharp incorporates by reference and realleges the allegations of paragraphs 1-9 above as if fully set forth herein.

11. Sharp is not infringing and has not infringed any claim of the '627 patent.

12. Sharp is entitled to a declaratory judgment that the making, use, sale, offer for sale and importation by Sharp of any apparatus, system, device, product or method has not infringed and does not infringe any claim of the '627 patent.

## Second Count
### (Declaratory Judgment of Invalidity)

13. Sharp incorporates by reference and realleges the allegations of paragraphs 1-12 above as if fully set forth herein.

14. One or more claims of the '627 patent are invalid.

15. Sharp is entitled to a declaratory judgment that claims of the '627 patent are invalid for failing to meet the conditions of patentability specified in 35 U.S.C. §§ 1 *et seq.*, including specifically, §§ 101, 102, 103, and 112.

## Third Count
### (Declaration of Unenforceability)

16. Sharp incorporates by reference and realleges the allegations of paragraphs 1 through 15 above as if fully set forth herein.

17. The '627 patent was procured as a result of material misrepresentations and/or omissions made before the United States Patent and Trademark Office ("PTO") during prosecution. More specifically, the inventors, the initial assignee of the '627 patent, and/or their counsel, knew of multiple prior art references material to the patentability of one or more claims of the '627 patent that were not disclosed in violation of the duty of candor. Such prior art references include without limitation: U.S. Patent Nos. 5,052,000, entitled "Technique for Improving the Operation of Decision Feedback Equalizers in Communications Systems Using Error Correction," issued September 24, 1991 to Wang et al.; 5,056,112, entitled "Interleaving in Coded Modulation for Mobile Radio," issued October 8, 1991 to Wei; and

5,105,442, entitled "Coded Modulation with Unequal Error Protection," issued April 14, 1992 to Wei.

## Fourth Count
### (Breach of Contract)

18. Sharp incorporates by reference and re-alleges the allegations of paragraphs 1 through 17 above as if fully set forth herein.

19. Sharp Corporation and the American Telephone and Telegraph Company ("AT&T") entered into a series of agreement by which they cross-licensed certain patents.

20. To the extent that any Sharp product or component thereof meets any claim of the '627 patent, which Sharp expressly denies, such product or component would be licensed under one or more of the license agreements between Sharp and AT&T.

21. Implicit in the license agreements between AT&T and Sharp are covenants by AT&T not to sue Sharp for infringement for any conduct licensed under its agreements. Such covenants are material terms of the agreements and run with the licensed patents to the extent such patents are transferred.

22. Upon information and belief, AT&T assigned the '627 patent to Lucent Technologies and Lucent thereafter assigned the '627 patent to Paradyne Corporation, which thereafter assigned the '627 patent to Rembrandt.

23. Because each of the assignments was necessarily subject to a license under the AT&T agreements with Sharp as set forth above, Rembrandt took the '627 patent subject to a covenant not to sue Sharp for infringement of the '627 patent.

24. Rembrandt's conduct in originally filing and continuing to prosecute its infringement claims against Sharp based on the '627 patent constitutes a breach of contract.

25. Sharp has been and continues to be injured by Rembrandt's breach of the covenant not to sue, such injury including attorneys' fees necessary to defend itself against Rembrandt's wrongful claims of infringement of the '627 patent.

**Fifth Count**
**(Breach of Contract/Promissory Estoppel)**

26. Sharp incorporates by reference and re-alleges the allegations of Paragraphs 1 through 25 above as if fully set forth herein.

27. On information and belief, in order to encourage the Federal Communications Commission ("FCC") to adopt the technical standard put forward by the Advanced Televisions System Committee ("ATSC"), AT&T made representations and warranties to the FCC that it would offer licenses on reasonable and non-discriminatory ("RAND") terms for any patents essential for the ATSC standard if adopted by FCC. The FCC subsequently premised its adoption of much of the ATSC technical standard on the representations and warranties by AT&T and others that any essential patents would be licensed on RAND terms.

28. As a successor-in-interest to AT&T in the '627 patent, Rembrandt was obligated to offer a license under the '627 patent on RAND terms to any entity before filing suit against such entity claiming that practicing the ATSC standard infringes the '627 patent, which Sharp expressly denies. Moreover, as a successor-in-interest to AT&T, Rembrandt was barred from seeking any injunctive relief against that entity.

29. Before filing suit against Sharp, Rembrandt failed to offer a license, based on RAND terms or otherwise, to Sharp, and then sought (and continues to seek) injunctive relief, which constitutes a breach of its obligations and promises made to the FCC. On information and belief, Rembrandt took these steps maliciously and in bad faith, with knowledge of AT&T's representations to the FCC.

30. Sharp has been and continues to be injured by Rembrandt's breach of its obligation to offer Sharp a license on RAND terms, such injury including attorneys' fees necessary to defend itself against Rembrandt's wrongful assertion of infringement of the '627 patent.

## Sixth Count
### (Tortious Interference)

31. Sharp incorporates by reference and realleges the allegations of paragraphs 1 through 30 above as if fully set forth herein.

32. As part of its agreements with AT&T, Sharp has the right to engage in conduct licensed by AT&T free from the specter of being sued for patent infringement. Upon information and belief, Rembrandt knew or should have known that its suit would interfere with Sharp's rights under the AT&T license agreements, more specifically, with a covenant not to sue granted by AT&T.

33. Rembrandt's patent infringement suit against Sharp was brought in bad faith and its failure to approach Sharp before filing suit, and continued prosecution of its bad faith patent infringement claim tortiously interfere with Sharp's rights under one or more of its agreements with AT&T.

34. Rembrandt's ongoing interference with Sharp's business relationships is intentional, in bad faith, and not legally justified or excused.

35. Sharp has been and continues to be injured by Rembrandt's tortious interference with Sharp's business relationships, such injury including attorneys' fees necessary to defend itself against Rembrandt's wrongful claims of infringing the '627 patent.

**Seventh Count**
**(Declaration of Patent Misuse)**

36. Sharp incorporates by reference and realleges the allegations of paragraphs 1 through 35 above as if fully set forth herein.

37. Rembrandt has committed patent misuse by asserting the '627 patent against Sharp with knowledge that the patent cannot lawfully be so asserted.

**Prayer for Relief**

WHEREFORE, Sharp requests:

1. A declaration that the '627 patent is not infringed, invalid and unenforceable;

2. Damages;

3. A declaration under 35 U.S.C. § 285 that this is an exceptional case;

4. An award of attorneys' fees and costs to Sharp; and

5. Such other and further relief as justice may require.

Dated: March 5, 2008

    */s/ Richard K. Herrmann*
Richard K. Herrmann (I.D. #405)
Mary B. Matterer (I.D. #2696)
Amy Arnott Quinlan (I.D. #3021)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
rherrmann@morrisjames.com

Of Counsel:

Gerald Levy
Richard H. Brown
Jonathan B. Tropp
DAY PITNEY LLP
7 Times Square
New York, NY 10036-7311
(212) 297-5800
(212) 916-2940 (FAX)

Attorneys for SHARP CORPORATION
and SHARP ELECTRONICS CORPORATION

9