**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MOTOROLA, INC., ET AL. | : | C.A. No. 07-752 (GMS) |
| v. | : | |
| REMBRANDT TECHNOLOGIES, LP | : | |
| REMBRANDT TECHNOLOGIES, LP ET AL. | : | |
| v. | : | |
| MOTOROLA, INC., ET AL. | : | |
| COMCAST CORPORATION, ET AL. | : | |
| v. | : | |
| REMBRANDT TECHNOLOGIES, LP, ET AL. | : | |
| TIME WARNER CABLE, INC., ET AL. | : | |
| v. | : | |
| REMBRANDT TECHNOLOGIES, LP, ET AL. | : | |
| CHARTER COMMUNICATIONS, INC., ET AL. | : | |
| v. | : | |
| REMBRANDT TECHNOLOGIES, LP, ET AL. | : | |

|  |  |
|---|---|
| COXCOM, INC. | : |
|  | : |
| v. | : |
|  | : |
| REMBRANDT TECHNOLOGIES, LP, ET AL. | : |
|  | : |
| ADELPHIA COMMUNICATIONS CORPORATION, ET AL. | : |
|  | : |
| v. | : |
|  | : |
| REMBRANDT TECHNOLOGIES, LP, ET AL. | : |
|  | : |
| CABLEVISION SYSTEMS CORPORATION, ET AL. | : |
|  | : |
| v. | : |
|  | : |
| REMBRANDT TECHNOLOGIES, LP, ET AL. | : |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE BY SHARP CORPORATION AND SHARP ELECTRONICS CORPORATION**

Proposed Intervenors Sharp Corporation and Sharp Electronics Corporation (collectively, "Sharp") respectfully submit this memorandum of law in support of their motion for leave to intervene as third-party plaintiffs. Sharp makes this motion because, as a result of recent procedural developments occurring after the December 12, 2007 conference, this matter now involves U.S. Patent 5,243,627 ("the '627 patent"), which is the patent asserted by Rembrandt Technologies, LP ("Rembrandt") in its suit against Sharp. As discussed below, adjudication of the claims related to the '627 patent in this matter will, as a practical matter, impede or affect Sharp's interest. Intervention by Sharp is therefore necessary in order to protect Sharp's interest. Intervention is also appropriate because, with the overlap between the claims now in this case

2

and those in the Rembrandt-Sharp case, this Court is best able to efficiently resolve all of the '627-related claims and defenses.

I. **PROCEDURAL HISTORY**

On or about February 3, 2006, Rembrandt commenced a civil action for alleged infringement of the '627 patent against Sharp in the United States District Court for the Eastern District of Texas, No. 2:06-cv-00047-TJW (the "Rembrandt-Sharp action"). In other co-pending cases, Rembrandt sued numerous other parties with respect to the '627 patent and, in some cases, on as many as eight other patents (the "Eight patents"). By Order entered June 18, 2007, the Judicial Panel on Multi-District Litigation consolidated all of those actions, including the Rembrandt-Sharp action, before this Court for pre-trial proceedings, MDL Docket No. 07-md-1848 (GMS) (the "MDL proceeding").

On November 21, 2007, plaintiffs herein brought this action against Rembrandt Technologies, LP, asserting, *inter alia*, the invalidity and non-infringement of the Eight patents. On January 16, 2008, Rembrandt brought its counterclaims against plaintiffs and also impleaded as third-party defendants the multi-system cable operators (sometimes referred to as "MSOs") that Rembrandt had previously sued in the co-pending cases on the Eight patents.

Beginning February 7, 2008, all of the MSOs that had previously been sued by Rembrandt for allegedly infringing the '627 patent (except two affiliates of third-party defendant CoxCom, Inc. against which Rembrandt has discontinued its claims in this action) brought counterclaims against Rembrandt in this action, seeking, *inter alia*, a declaratory ruling on the invalidity and non-infringement of the '627 patent. In addition, some of the MSOs sought other rulings, including that the '627 patent was unenforceable. As a result, this action, along with the MDL proceeding, is an efficient vehicle for the resolution of all allegations concerning the '627

3

patent. On February 27, 2008, Rembrandt answered the counterclaims; for reasons best known only to Rembrandt, although Rembrandt had previously impleaded the MSOs with respect to its claims on the Eight Patents, Rembrandt elected not to implead Sharp and certain other entities accused of infringing the '627 patent into this action.[1]

On February 21, 2008, the parties to the MDL proceeding submitted a proposed Case Management Order ("CMO") to the Court that will also govern this case. Consistent with the parties' Status Conference with the Court on December 12, 2007, the CMO proposes that trial be held on the '627 patent in this Court in October 2009, before any of the constituent cases in the MDL proceeding, including the Rembrandt-Sharp action, is remanded for further proceedings in other courts. The CMO has not yet been finalized following a further conference with the Court on February 26, 2008.

## II.  ARGUMENT

Rule 24(a) of the Federal Rules of Civil Procedure governs intervention as of right, and Rule 24(b) governs permissive intervention. In this case, Sharp is entitled to intervene as of right, or in the alternative should be allowed to intervene permissively.

### A.  Sharp Is Entitled to Intervene as of Right

Under Rule 24(a)(2):

Upon timely application anyone shall be permitted to intervene in an action:

*   *   *

(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the

---

[1] Further, on March 4, 2008, counsel for Rembrandt wrote to liaison counsel for the MSOs, advising: "We plan to seek leave to amend our counterclaims in the 07-752 case to add claims of infringement under the '627 patent against the Comcast, Charter, Cox, Time Warner, and Cablevision '627 DJ counterclaimants." However, Rembrandt made no mention of Sharp.

4

> disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Rule 24(a)(2) requires "proof of four elements from the applicant seeking intervention as of right: first, a timely application for leave to intervene; second, a sufficient interest in the litigation; third, a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action; and fourth, inadequate representation of the prospective intervenor's interest by existing parties to the litigation." Kleissler v. U.S. Forest Serv., 157 F.3d 964, 969 (3d Cir. 1988).[2]  Each of these four requirements is satisfied here.

### 1. *Sharp's motion to intervene is timely.*

The '627 patent was joined in this case for the first time on February 7, 2008, less than one month ago. When Rembrandt answered the MSOs' counterclaims without impleading Sharp, Sharp began conferring with Rembrandt as required by Local Rule 7.1.1 to file this motion to intervene. Further, Sharp's intervention will not delay or otherwise disrupt management of this case in any way. Discovery has only just begun, and Sharp's intervention will have no effect on any of the deadlines in the proposed CMO. Indeed, the CMO, which Sharp participated in negotiating as part of the MDL, has not yet been entered.

### 2. *Sharp has a sufficient interest in this litigation.*

On February 7, 2008, MSOs who had been impleaded in this litigation by Rembrandt brought the '627 patent into this case by counterclaim. Far from opposing the addition of the '627 patent to this case, Rembrandt joined issue. Because Sharp, too, has been accused by Rembrandt of infringing the '627 patent, Sharp has a sufficient interest in this litigation. See

---

[2] Intervention is a procedural matter not unique to patent law and, as such, is governed by the law of the Third Circuit. See, e.g., Haworth v. Steelcase, 12 F.3d 1090, 1092 (Fed. Cir. 1993)(applying regional circuit law to permissive intervention decision).

<u>Medtronic Vascular Inc., v. Advanced Cardiovascular Systems, Inc.</u>, No. C 06-1066 PJH, 2007 U.S. Dist. LEXIS 56428 (N.D. Cal. July 26, 2007)(granting motion to intervene to party anticipating suit under the patent-in-suit).

> 3. *Sharp's interest will be impaired or affected, as a practical matter, by the disposition of this action.*

The Court has set trial of claims related to the '627 patent, including at least those in certain Delaware proceedings within the MDL, for October 2009. That trial will address claims concerning the validity, enforceability and infringement of the '627 patent. Now, with the claims involving the '627 patent against the MSOs added to this action, the '627 patent trial is even more likely to encompass issues common to the disputes between Rembrandt and Sharp.[3] While Sharp would be entitled to relitigate any or all of those issues in the Eastern District of Texas after remand of the Sharp-Rembrandt case, Sharp's interest will nevertheless be impaired or affected by the disposition of this action. <u>Brody v. Spang</u>, 957 F.2d 1108, 1123 (3d Cir. 1992)(" The possibility of a subsequent collateral attack does not preclude an applicant from demonstrating that his or her interests would be impaired should intervention be denied. Such a holding would reverse our policy preference which, as a matter of judicial economy, favors intervention over subsequent collateral attacks.") Rather, it is appropriate for this Court to

---

[3] Sharp understands that Rembrandt has asserted (or will assert) that the MSOs infringe claims of the '627 patent that involve the reception of signals. In the Rembrandt-Sharp matter, Rembrandt has asserted that Sharp infringes claims 9 and 19 of the '627 patent, claiming that reception of signals by equipment supposedly "in compliance" with the ATSC standard meets all elements of those two claims. Sharp has denied those allegations and disputes that a prima facie infringement case against Sharp can be based on the ATSC standard. However, a finding by this Court concerning the ATSC standard relative to the claims of the '627 patent will likely affect Sharp's interest.

consider the pragmatic benefits of being able to resolve all disputes concerning the '627 patent through a single trial.[4]  Kleissler, 157 F.3d at 970.

### 4. *Other parties cannot adequately represent Sharp's interests.*

To satisfy the final prong of the intervention standard, Sharp need not show that other parties will necessarily be unable to represent its interests; rather, it is enough to show that they may be unable to do so.  Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972).  This standard is minimal.  Id.

Here, Sharp is differently situated than all other parties accused of infringing the '627 patent.  It is expected that the broadcast networks, who are parties to the MDL and to actions originally filed in Delaware, will be accused of infringing the '627 patent in connection with *transmitting* digital television signals, not on the receiver-side claims that Rembrandt has asserted against Sharp.  While there is commonality between the transmitter-side claims and the receiver-side claims, the broadcast networks are not likely to have the same interest as Sharp in the additional elements of the receiver-side claims.

The MSOs have been (or are expected to be) accused on the receiver-side claims, but Sharp is the only manufacturer of televisions that Rembrandt has sued on the '627 patent and is therefore best positioned to address unique issues presented by its accused products.

In addition, as set forth in Sharp's proposed intervenor complaint, Sharp has raised a variety of issues that other parties have yet to raise, including a license defense that may be

---

[4] Further, because this matter is likely to be tried to conclusion well before the Sharp-Rembrandt matter could be tried in the Eastern District of Texas upon remand from the MDL, any appeal will be taken first in this action.  Thus, to protect its right to participate meaningfully in appellate review of this Court's pretrial rulings, including the claim construction ruling, the Court should permit Sharp to intervene in this matter before it is resolved on appeal.

unique to Sharp. Thus, the parties presently eligible to participate in the trial of this matter in Delaware cannot adequately protect Sharp's interests.

### B.  Sharp Should Be Allowed to Intervene Permissively

Alternatively, under Rule 24(b)(1)(B):

Upon timely application anyone may be permitted to intervene in an action:

> \*   \*   \*

> (B) when an applicant's claim or defense and the main action have a question of law or fact in common.

"Permissive intervention is available upon timely application 'when an applicant's claim or defense and the main action have a question of law or fact in common.' The rule further provides that in exercising its discretion as to whether to grant permissive intervention, the district court 'shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" Brody, 957 F.2d at 1115-1116. An appellate court will rarely "intrude into the highly discretionary decision of whether to grant permissive intervention." Id. at 1115.

There can be no dispute that Sharp has claims and defenses that share with the main action common questions of law and fact.[5] Rembrandt has answered the MSOs' counterclaims concerning the '627 patent, joining issue on that patent in this case. With the '627 patent squarely in this case, issues with respect to the validity and enforceability of the patent that are raised in Sharp's proposed intervenor complaint share common legal and factual questions with the same validity and enforceability claims recently introduced into this case by the MSOs. Further, to the extent that Rembrandt continues to base its infringement contentions for the '627

---

[5] Likewise, for the reasons stated in Section II.A.1, supra, there can be no dispute that Sharp's motion to intervene is timely.

patent on the ATSC digital television standard (as it has done with Sharp), it underscores the commonality of factual and legal issues between the Sharp-Rembrandt case and this case. The proper vehicle for efficiently resolving those common factual and legal issues is for the Court to permit Sharp to intervene.

Further, Sharp's intervention will not delay or otherwise prejudice the adjudication of the rights of any other party. The proposed CMO already has Sharp fully participating in the pre-trial phase of the MDL proceeding. As noted during the December 12, 2007 status conference in the MDL matter, one of the Court's primary goals is to minimize the number of trials necessary to resolve fairly all of the parties' disputes. Permitting Sharp to intervene will significantly advance this goal.

### III. CONCLUSION

For all the foregoing reasons, Sharp respectfully requests leave to intervene by filing and serving the proposed intervenor complaint attached to its motion.

Dated: March 5, 2008

     /s/ Richard K. Herrmann
Richard K. Herrmann (I.D. #405)
Mary B. Matterer (I.D. #2696)
Amy Arnott Quinlan (I.D. #3021)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
rherrmann@morrisjames.com

Of Counsel:

Gerald Levy
Richard H. Brown
Jonathan B. Tropp
DAY PITNEY LLP
7 Times Square
New York, NY 10036-7311
(212) 297-5800
(212) 916-2940 (FAX)

Attorneys for SHARP CORPORATION
and SHARP ELECTRONICS CORPORATION