## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION | ) ) ) ) MDL Docket No. 07-md-1848 (GMS) ) ) ) |
| | ) ) |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., and NETGEAR, INC., | ) ) ) ) ) Civil Action No. 07-752-GMS |
| Plaintiffs, | ) ) |
| v. | ) **JURY TRIAL DEMANDED** ) |
| REMBRANDT TECHNOLOGIES, LP, | ) ) |
| Defendant. | ) ) ) |
| | ) |
| REMBRANDT TECHNOLOGIES, LP, and REMBRANDT TECHNOLOGIES, LLC d/b/a REMSTREAM, | ) ) ) ) |
| Counter-Plaintiffs, | ) Civil Action No. 07-752-GMS ) |
| v. | ) ) |
| MOTOROLA, INC., CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., THOMSON, INC., AMBIT MICROSYSTEMS, INC., NETGEAR, INC., TIME WARNER CABLE, INC., TIME WARNER CABLE LLC, TIME WARNER NEW YORK CABLE LLC, TIME WARNER ENTERTAINMENT COMPANY, LP, COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC, CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS OPERATING, LLC, COXCOM, INC., COX COMMUNICATIONS, | ) **JURY TRIAL DEMANDED** ) ) ) ) ) ) ) ) ) ) ) ) ) |

| | |
|---|---|
| INC., COX ENTERPRISES, INC., CSC | ) |
| HOLDINGS, INC., CABLEVISION SYSTEMS | ) |
| CORPORATION, ADELPHIA | ) |
| COMMINICATIONS CORPORATION, | ) |
| CENTURY-TCI CALIFORNIA | ) |
| COMMUNICATIONS, LP, CENTURY-TCI | ) |
| HOLDINGS, LLC, COMCAST OF | ) |
| FLORIDA/PENNSYLVANIA, L.P. (f/k/a | ) |
| PARNASSOS, LP), COMCAST OF | ) |
| PENNSYLVANIA II, L.P. (f/k/a CENTURY-TCI | ) |
| CALIFORNIA, L.P.), PARNASSOS | ) |
| COMMUNICATIONS, LP, ADELPHIA | ) |
| CONSOLIDATION, LLC, PARNASSOS | ) |
| HOLDINGS, LLC, and WESTERN NY | ) |
| CABLEVISION, LP, | ) |
| | ) |
| Counter-Defendants. | ) |
| | ) |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF REMBRANDT TECHNOLOGIES, LP TO THIRD PARTY COMPLAINT OF INTERVENORS SHARP CORPORATION <u>AND SHARP ELECTRONICS CORPORATION</u>

Rembrandt Technologies, LP ("Rembrandt"), by its undersigned attorneys, answers the complaint of Third Party Intervenors Sharp Corporation and Sharp Electronics Corporation (collectively, "Sharp") as follows:

### <u>Preliminary Statement</u>

As to Sharp's preliminary statement, consisting of four unnumbered paragraphs, the allegations of the first and second paragraphs are admitted; the allegations of the third paragraph are denied, except the allegations of the first sentence thereof are admitted; and the allegations of the fourth paragraph are denied, except that it is admitted that Sharp seeks to intervene in this action and makes certain allegations as follows.

### <u>Parties</u>

1.    Sharp Corporation is a corporation existing under the laws of Japan, with a principal place of business in Osaka, Japan.

<u>Answer</u>:  Upon information and belief, Rembrandt admits that Sharp Corporation is a corporation existing under the laws of Japan, with a principal place of business in Osaka, Japan.

2.     Sharp Electronics Corporation is a corporation existing under the laws of New York, with a principal place of business in Mahway, New Jersey. Sharp Electronics Corporation is a wholly-owned subsidiary of Sharp Corporation.

Answer:  Upon information and belief, Rembrandt admits that Sharp Electronics Corporation is a corporation existing under the laws of New York, with a principal place of business in Mahway, New Jersey, and that Sharp Electronics Corporation is a wholly-owned subsidiary of Sharp Corporation.

3.     On information and belief, Rembrandt Technologies, LP is a limited partnership organized under the laws of the state of New Jersey with a principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, Pennsylvania.

Answer:  Admitted.

## Jurisdiction and Venue

4.     This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338, as well as 28 U.S.C. §§ 2201-2202, and under 28 U.S.C. § 1367.

Answer:  Admitted that this Court has subject matter jurisdiction and that Sharp purports to seek a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202, but denied that Sharp is entitled to its requested relief.

5.     This Court has personal jurisdiction over Rembrandt because it has submitted to the jurisdiction of this Court, regularly conducts business in Delaware, and has other sufficient contacts with Delaware.

Answer:  Admitted only that this Court has personal jurisdiction over Rembrandt for purposes of this case. Except as expressly admitted, the remaining allegations of this paragraph 5 are denied.

6.     Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400.

Answer:  Rembrandt does not contest that venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400, but denied that Sharp is entitled to its requested relief.

## Facts Common to All Counts

7.     Rembrandt asserts ownership of all right, title and interest in the '627 patent.

Answer:  Admitted that Rembrandt Technologies, LP owns all right, title and interest in the '627 patent.

8.     Rembrandt has sued Sharp for allegedly infringing one or more claims of the '627 patent, which allegations Sharp has denied.

597361

Answer:  Admitted.

9.    An actual case or controversy exists between Rembrandt and Sharp.

Answer:  Admitted.

## First Count
### (Declaratory Judgment of Non-Infringement)

10.    Sharp incorporates by reference and realleges the allegations of paragraphs 1-9 above as if fully set forth herein.

Answer:  Rembrandt incorporates by reference its responses to paragraphs 1 through 9 as if fully set forth herein.

11.    Sharp is not infringing and has not infringed any claim of the '627 patent.

Answer:  Denied.

12.    Sharp is entitled to a declaratory judgment that the making, use, sale, offer for sale and importation by Sharp of any apparatus, system, device, product or method has not infringed and does not infringe any claim of the '627 patent.

Answer:  Denied.

## Second Count
### (Declaratory Judgment of Invalidity)

13.    Sharp incorporates by reference and realleges the allegations of paragraphs 1-12 above as if fully set forth herein.

Answer:  Rembrandt incorporates by reference its responses to paragraphs 1 through 12 as if fully set forth herein.

14.    One or more claims of the '627 patent are invalid.

Answer:  Denied.

15.    Sharp is entitled to a declaratory judgment that claims of the '627 patent are invalid for failing to meet the conditions of patentability specified in 35 U.S.C. §§ 1 *et seq.,* including specifically, §§ 101, 102, 103, and 112.

Answer:  Denied.

597361

## Third Count
### (Declaration of Unenforceability)

16.     Sharp incorporates by reference and realleges the allegations of paragraphs 1 through 15 above as if fully set forth herein.

Answer:  Rembrandt incorporates by reference its responses to paragraphs 1 through 15 as if fully set forth herein.

17.     The '627 patent was procured as a result of material misrepresentations and/or omissions made before the United States Patent and Trademark Office ("PTO") during prosecution.  More specifically, the inventors, the initial assignee of the '627 patent, and/or their counsel, knew of multiple prior art references material to the patentability of one or more claims of the '627 patent that were not disclosed in violation of the duty of candor.  Such prior art references include without limitation: U.S. Patent Nos. 5,052,000, entitled "Technique for Improving the Operation of Decision Feedback Equalizers in Communications Systems Using Error Correction," issued September 24, 1991 to Wang et al.; 5,056,112, entitled "Interleaving in Coded Modulation for Mobile Radio," issued October 8, 1991 to Wei; and 5,105,442, entitled "Coded Modulation with Unequal Error Protection," issued April 14, 1992 to Wei.

Answer:  Admitted that U.S. Patent Nos. 5,052,000; 5,056,112 and 5,105,442 issued prior to the '627 patent.  Except as expressly admitted, the allegations of this paragraph 17 are denied.

## Fourth Count
### (Breach of Contract)

18.     Sharp incorporates by reference and re-alleges the allegations of paragraphs 1 through 17 above as if fully set forth herein.

Answer:  Rembrandt incorporates by reference its responses to paragraphs 1 through 17 as if fully set forth herein.

19.     Sharp Corporation and the American Telephone and Telegraph Company ("AT&T") entered into a series of agreements by which they cross-licensed certain patents.

Answer:  Rembrandt is without sufficient information to form a belief as to the truth of the allegations in this paragraph 19 and on that basis denies said allegations.

20.     To the extent that any Sharp product or component thereof meets any claim of the '627 patent, which Sharp expressly denies, such product or component would be licensed under one or more of the license agreements between Sharp and AT&T.

Answer:  Rembrandt is without sufficient information to form a belief as to the truth of the allegations in this paragraph 20 and on that basis denies said allegations.

597361

21.    Implicit in the license agreements between AT&T and Sharp are covenants by AT&T not to sue Sharp for infringement for any conduct licensed under its agreements. Such covenants are material terms of the agreements and run with the licensed patents to the extent such patents are transferred.

Answer: Rembrandt is without sufficient information to form a belief as to the truth of the allegations in this paragraph 21 and on that basis denies said allegations.

22.    Upon information and belief, AT&T assigned the '627 patent to Lucent Technologies and Lucent thereafter assigned the '627 patent to Paradyne Corporation, which thereafter assigned the '627 patent to Rembrandt.

Answer: Admitted.

23.    Because each of the assignments was necessarily subject to a license under the AT&T agreements with Sharp as set forth above, Rembrandt took the '627 patent subject to a covenant not to sue Sharp for infringement of the '627 patent.

Answer: Denied.

24.    Rembrandt's conduct in originally filing and continuing to prosecute its infringement claims against Sharp based on the '627 patent constitutes a breach of contract.

Answer: Denied.

25.    Sharp has been and continues to be injured by Rembrandt's breach of the covenant not to sue, such injury including attorneys' fees necessary to defend itself against Rembrandt's wrongful claims of infringement of the '627 patent.

Answer: Denied.

### Fifth Count
### (Breach of Contract/Promissory Estoppel)

26.    Sharp incorporates by reference and re-alleges the allegations of Paragraphs 1 through 25 above as if fully set forth herein.

Answer: Rembrandt incorporates by reference its responses to paragraphs 1 through 26 as if fully set forth herein.

27.    On information and belief, in order to encourage the Federal Communications Commission ("FCC") to adopt the technical standard put forward by the Advanced Televisions System Committee ("ATSC"), AT&T made representations and warranties to the FCC that it would offer licenses on reasonable and non-discriminatory ("RAND") terms for any patents essential for the ATSC standard if adopted by FCC. The FCC subsequently premised its

adoption of much of the ATSC technical standard on the representations and warranties by AT&T and others that any essential patents would be licensed on RAND terms.

Answer: Rembrandt is without sufficient information to form a belief as to the truth of the allegations in this paragraph 27 and on that basis denies said allegations.

28.    As a successor-in-interest to AT&T in the '627 patent, Rembrandt was obligated to offer a license under the '627 patent on RAND terms to any entity before filing suit against such entity claiming that practicing the ATSC standard infringes the '627 patent, which Sharp expressly denies. Moreover, as a successor-in-interest to AT&T, Rembrandt was barred from seeking any injunctive relief against that entity.

Answer: Denied.

29.    Before filing suit against Sharp, Rembrandt failed to offer a license, based on RAND terms or otherwise, to Sharp, and then sought (and continues to seek) injunctive relief, which constitutes a breach of its obligations and promises made to the FCC. On information and belief, Rembrandt took these steps maliciously and in bad faith, with knowledge of AT&T's representations to the FCC.

Answer: Denied as stated. By way of further answer, it is admitted that Sharp did not seek a license under the '627 patent and that Rembrandt did not offer Sharp a license under the '627 patent prior to filing suit. Subsequent to filing suit, Rembrandt offered to discuss license terms with Sharp. Except as expressly admitted, the allegations of this paragraph 29 are denied.

30.    Sharp has been and continues to be injured by Rembrandt's breach of its obligation to offer Sharp a license on RAND terms, such injury including attorneys' fees necessary to defend itself against Rembrandt's wrongful assertion of infringement of the '627 patent.

Answer: Denied.

### Sixth Count
### (Tortious Interference)

31.    Sharp incorporates by reference and realleges the allegations of paragraphs 1 through 30 above as if fully set forth herein.

Answer: Rembrandt incorporates by reference its responses to paragraphs 1 through 30 as if fully set forth herein.

32.    As part of its agreements with AT&T, Sharp has the right to engage in conduct licensed by AT&T free from the specter of being sued for patent infringement. Upon information and belief, Rembrandt knew or should have known that its suit would interfere with Sharp's rights under the AT&T license agreements, more specifically, with a covenant not to sue granted by AT&T.

597361

Answer: Denied.

33.    Rembrandt's patent infringement suit against Sharp was brought in bad faith and its failure to approach Sharp before filing suit, and continued prosecution of its bad faith patent infringement claim tortiously interfere with Sharp's rights under one or more of its agreements with AT&T.

Answer: Denied.

34.    Rembrandt's ongoing interference with Sharp's business relationships is intentional, in bad faith, and not legally justified or excused.

Answer: Denied.

35.    Sharp has been and continues to be injured by Rembrandt's tortious interference with Sharp's business relationships, such injury including attorneys' fees necessary to defend itself against Rembrandt's wrongful claims of infringing the '627 patent.

Answer: Denied.

**Seventh Count**
**(Declaration of Patent Misuse)**

36.    Sharp incorporates by reference and realleges the allegations of paragraphs 1 through 35 above as if fully set forth herein.

Answer: Rembrandt incorporates by reference its responses to paragraphs 1 through 35 as if fully set forth herein.

37.    Rembrandt has committed patent misuse by asserting the '627 patent against Sharp with knowledge that the patent cannot lawfully be so asserted.

Answer: Denied.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

1.    Sharp's third-party complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

2.    The '627 patent is enforceable in all respects and infringed by Sharp.

597361

### Third Affirmative Defense

3.     Sharp's third-party claims are barred, in whole or in part, by the doctrine of estoppel.

### Fourth Affirmative Defense

4.     Sharp's third-party claims are barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense

5.     Sharp's third-party claims are barred, in whole or in part, by applicable limitations doctrines, including the statute of limitations.

### Sixth Affirmative Defense

6.     Sharp's third-party claims are based on a purported agreement to agree, which is unenforceable under applicable law.

### Seventh Affirmative Defense

7.     Sharp's third-party claims are based upon a purported agreement with open essential terms which cannot be supplied under applicable law.

### Eighth Affirmative Defense

8.     To the extent there was an enforceable promise, it was solely a promise to negotiate should Sharp approach the patent holder to seek a license; there was no intention to permit any third party or a court to impose licensing terms.

### Ninth Affirmative Defense

9.     Sharp's third-party claims are barred by the doctrine of laches.

### Tenth Affirmative Defense

10.     Sharp's third-party claims fail as a matter of law based on a lack of contractual privity between Rembrandt and Sharp involving any alleged contractually binding obligation entered into by AT&T and/or AT&T IPM.

### Eleventh Affirmative Defense

11.     Sharp's counterclaims fail as a matter of law because Sharp materially breached any express or implied contract, thereby excusing Rembrandt from any alleged obligation that it might otherwise have had.

597361

## Twelfth Affirmative Defense

12.    Sharp is not entitled to the relief requested as a matter of law.

## Thirteenth Affirmative Defense

13.    Sharp's third-party claims fail, in whole or in part, because Sharp failed to fulfill conditions precedent to any obligation to offer a license to it.

## Fourteenth Affirmative Defense

14.    Rembrandt reserves the right to assert additional and/or different affirmative defenses as discovery progresses, and hereby reserves the right to amend its Answer to Sharp's Third-Party Complaint in support of any such defenses.

## PRAYER FOR RELIEF

Rembrandt denies that Sharp is entitled to any of the relief requested in its prayer for relief. Rembrandt respectfully requests that the Court enter judgment in its favor and against Sharp on all of its claims; that the Court find this case exceptional and award Rembrandt its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and that the Court award Rembrandt such other further relief as the Court deems appropriate.

## REMBRANDT TECHNOLOGIES, LP'S COUNTERCLAIM AGAINST SHARP CORPORATION AND SHARP ELECTRONICS CORPORATION

Rembrandt Technologies, LP by and through the undersigned attorneys, assert the following counterclaim against Sharp Corporation and Sharp Electronics Corporation (collectively "Sharp") under the United States Patent Act, 35 U.S.C. § 1 *et seq.*, as follows:

1.    Rembrandt Technologies, LP is a limited partnership organized under the laws of the State of New Jersey with its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, PA.

2.    Sharp Corporation is a corporation existing under the laws of Japan, with a principal place of business in Osaka, Japan.

3.    Sharp Electronics Corporation is a corporation existing under the laws of New York, with a principal place of business in Mahway, New Jersey. Sharp Electronics Corporation is a wholly-owned subsidiary of Sharp Corporation.

## JURISDICTION AND VENUE

4.    This is an action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. § 1, et seq.

597361

5.    Subject matter jurisdiction is proper in this court under 28 U.S.C. §§ 1331 and 1338(a).

6.    This Court has personal jurisdiction over Sharp Corporation and Sharp Electronics Corporation because they have previously availed themselves of the Court's jurisdiction, have committed acts of patent infringement in this judicial district, regularly transact business in Delaware and/or have other sufficient contacts with Delaware.

7.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## FIRST COUNTERCLAIM

8.    Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1- 7 of this Counterclaim.

9.    Rembrandt is the owner of all right, title and interest of  U.S. Patent No. 5,243,627, entitled "Signal Point Interleaving Technique" ("the '627 patent") (Exhibit A to the Counterclaim of the Comcast Counterclaimants).

10.    The '627 patent was duly and legally issued by the United States Patent and Trademark Office on September 7, 1993.

11.    Sharp has directly or indirectly infringed, and is continuing to directly or indirectly infringe, the '627 patent by practicing or causing others to practice (by inducement and/or contributorily) the inventions claimed in the '627 patent, in this district or otherwise within the United States.

12.    Upon information and belief, Sharp will continue to infringe the '627 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

WHEREFORE, Rembrandt prays that it have judgment against Sharp for the following:

1.    A judgment that Sharp has infringed the patents-in-suit as alleged by Rembrandt in the Counterclaim;

2.    A permanent injunction enjoining and restraining Sharp and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with it, from making, using, testing, offering to sell, selling, leasing, and importing into the United States any product, or using, offering to sell, offering to lease, selling, or leasing any service, that falls within the scope of any claim of the '627 patent.

597361

3.    An award of damages, and pre-judgment and post-judgment interest;

4.    An award of increased damages pursuant to 35 U.S.C. § 284;

5.    A judgment that this case is exceptional under 35 U.S.C. § 285 and requiring Sharp to pay the costs of this action, including all disbursements and attorneys' fees; and

6.    Such other and further relief, at law or in equity, to which Rembrandt is justly entitled.


Dated: March 27, 2008                                      /s/ Collins J. Seitz, Jr.
                                                           Collins J. Seitz, Jr. (#2237)
                                                           Francis DiGiovanni (#3189)
                                                           James D. Heisman (#2746)
                                                           Kristen Healey Cramer (#4512)
                                                           CONNOLLY BOVE LODGE & HUTZ LLP
                                                           The Nemours Building
                                                           1007 N. Orange Street
                                                           Wilmington, DE  19899
                                                           Phone (302) 658-9141
                                                           cseitz@cblh.com
                                                           fdigiovanni@cblh.com
                                                           jheisman@cblh.com
                                                           kcramer@cblh.com

                                                           Attorneys for Rembrandt Technologies, LP,
                                                           and Rembrandt Technologies, LLC d/b/a
                                                           Remstream

597361

## CERTIFICATE OF SERVICE

I, Collins J. Seitz, Jr., hereby certify that on the 27th day of March, 2008, a true copy of the foregoing **Answer, Affirmative Defenses, and Counterclaim of Rembrandt Technologies, LP to Third Party Complaint of Intervenors Sharp Corporation and Sharp Electronics Corporation** was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

**BY E-MAIL**

| | |
|---|---|
| Jack B. Blumenfeld<br>Karen Jacobs Louden<br>Rodger D. Smith II<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>jblumenfeld@mnat.com<br>klouden@mnat.com<br>rsmith@mnat.com | John W. Shaw<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>jshaw@ycst.com |
| Richard K. Herrmann<br>Mary B. Matterer<br>Amy Arnott Quinlan<br>Morris James LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801-1494<br>rherrmann@morrisjames.com | Richard D. Kirk<br>Scott G. Wilcox<br>Stephen B. Brauerman<br>Bayard, PA<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>rkirk@bayardlaw.com<br>swilcox@bayardlaw.com<br>sbrauerman@bayardlaw.com |

| | |
|---|---|
| Fredrick L. Cottrell, III<br>Kelly E. Farnan<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>cottrell@rlf.com<br>farnan@rlf.com | Peter J. Toren<br>Lawrence B. Goodwin<br>Monica V. Bhattacharyya<br>Stefan R. Stoyanov<br>Kasowitz, Benson, Torres & Friedman<br>LLP<br>1633 Broadway<br>New York, NY 10019<br>ptoren@kasowitz.com<br>lgoodwin@kasowitz.com<br>mbhattacharyya@kasowitz.com<br>sstoyanov@kasowitz.com |
| Josh A. Krevitt<br>Charles J. Bourdreau<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue, 47th Floor<br>New York, New York 10166-0193<br>jkrevitt@gibsondunn.com<br>cboudreau@gibsondunn.com | David Segal<br>Gibson, Dunn & Crutcher LLP<br>3161 Michelson Drive<br>Irvina, California 92612-4412<br>dsegal@gibsondunn.com |
| Amanda J. Tessar<br>Gibson, Dunn & Crutcher LLP<br>1801 California Street, Suite 4200<br>Denver, CO 80202-2642<br>atessar@gibsondunn.com | David S. Benyacar<br>Daniel L. Reisner<br>Kaye Scholer LLP<br>425 Park Avenue<br>New York, New York 10022<br>dbenyacar@kayescholer.com<br>dreisner@kayescholer.com |
| Matthew D. Powers<br>Edward R. Reines<br>Weil Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>matthew.powers@weil.com<br>edward.reines@weil.com | Robert A. Van Nest<br>Brian L. Ferrall<br>Daralyn J. Durie<br>Leo L. Lam<br>Matthew M. Werdegar<br>KEKER & VAN NEST LLP<br>710 Sansome Street<br>San Francisco, CA 94111<br>rvannest@kvn.com<br>bferrall@kvn.com<br>ddurie@kvn.com<br>llam@kvn.com<br>mwerdegar@kvn.com |

| | |
|---|---|
| John Desmarais<br>Kirkland & Ellis LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York 10022<br>jdesmarais@kirkland.com | Eric R. Lamison<br>Kirkland & Ellis LLP<br>555 California Street, Ste. 2700<br>San Francisco, CA 94104<br>elamison@kirkland.com |
| Mitchell Stockwell<br>Kilpatrick & Stockton LLP<br>110 Peachtree Street, N.E.<br>Suite 2800<br>Atlanta, GA 30309<br>MStockwell@KilpatrickStockton.com | Bradford P. Lyerla<br>Kevin D. Hogg<br>Charles E. Juister<br>Marshall, Gerstein & Borun LLP<br>6300 Sears Tower<br>233 South Wacker Drive<br>Chicago, IL 60606-6357<br>blyerla@marshallip.com<br>khogg@marshallip.com<br>cjuister@marshallip.com |
| Richard Brown<br>Day Pitney LLP<br>200 Campus Drive<br>Florham Park, NJ 07932<br>rbrown@daypitney.com | Gerald Levy<br>Day Pitney LLP<br>7 Times Square<br>New York, NY 10036<br>glevy@daypitney.com |
| Jonathan Tropp<br>Day Pitney LLP<br>One Canterbury Green<br>201 Broad Street<br>Stamford, CT 06901 | |

By:    */s/ Collins J. Seitz, Jr.*
      Collins J. Seitz, Jr. (#2237)
      cseitz@cblh.com